IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SEP 11 2017

CLERK, U.S. DISTRICT COURT

| | ) |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 1:17-MJ-411 |
| | ) |
| JOSE UDIEL COREAS FLORES | ) |
|    a/k/a "Jose Coreas" | ) |
|    a/k/a "Jose Udiel Coreas-Flores," | ) |
|    a/k/a "Jose Udiel Coreas," | ) |
| | ) |
| *Defendant.* | ) |

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Sean Dandridge, being duly sworn, depose and state:

### INTRODUCTION AND BACKGROUND

1. I am a Deportation Officer with the U.S. Immigration and Customs Enforcement ("ICE"). I have been employed with ICE since June 2009, and I am assigned to ICE's office in Lorton, Virginia.

2. As a Deportation Officer, my duties include investigating administrative and criminal violations of the Immigration and Nationality Act and Title 8 of the U.S. Code and seeking, when applicable, prosecution and removal of violators. During my time with ICE, I have conducted numerous such investigations. I also have received training in general law enforcement, and specialized training in enforcing Title 8 of the U.S. Code.

3. I am authorized to execute warrants issued under the authority of the United States. I have received extensive training on criminal investigative techniques and criminal law, including the identification and development of probable cause to support the execution of arrest

1

warrants, and I have participated in numerous search warrants, many of which involved violations of the Immigration and Nationality Act and Title 8 of the U.S. Code.

4. This Affidavit is submitted in support of a criminal complaint charging **JOSE UDIEL COREAS FLORES** (also known as "Jose Coreas," "Jose Udiel Coreas-Flores" and "Jose Udiel Coreas," hereafter referred to as **COREAS FLORES**), with being found in the United States, after being denied admission, excluded, or removed, or having departed the United States while an order of exclusion, deportation, or removal was outstanding, subsequent to a conviction for commission of a felony, in violation of Title 8, U.S. Code, Sections 1326(a) and (b)(1).

5. The facts and information contained in this Affidavit are based upon my training and experience, participation in immigration investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other agents involved in this investigation. All observations not personally made by me were related to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during the course of this investigation. This Affidavit contains information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the government.

## PROBABLE CAUSE

6. On or about June 12, 2017, the Stafford County Sheriff's Department, with assistance from ICE Deportation Officers, located an individual, later identified as **COREAS FLORES**, at a residence located in Stafford, Virginia, which is within the Eastern District of Virginia. **COREAS FLORES** did not provide his real name to the officers at the time of his arrest, but he was identified shortly thereafter by the homeowner as **COREAS FLORES**.

Stafford County law enforcement had obtained an arrest warrant for **COREAS FLORES** on assault and battery charges after a woman who stated that she was **COREAS FLORES'** wife reported that he had assaulted her. Stafford County officers learned that **COREAS FLORES** may be a deportable alien after receiving information from **COREAS FLORES'** wife that he was in the country illegally.

7. On or about July 21, 2017, ICE took custody of **COREAS FLORES** based on his Immigration and Customs Enforcement I-247 detainer. Form I-247 is a standard form that allows ICE to indicate that it has taken actions that could lead to the alien's removal, and request that another agency facilitate that removal, often by notifying ICE before the alien's release. **COREAS FLORES**'s fingerprints were taken by ICE deportation officers and submitted electronically to ICE databases containing fingerprint records of known and previously deported aliens. This system is integrated with the criminal records maintained by the FBI. Results of this query showed positive matches to an FBI number and a Virginia State identification number that had been assigned to **COREAS FLORES**.

8. On or about July 28, 2017, I conducted a review of documents from an immigration file in the name of **COREAS FLORES** that is maintained by the U.S. Bureau of Citizenship and Immigration Services. The file contained immigration removal documents that bore **COREAS FLORES**'s photograph and what appear to be **COREAS FLORES**'s fingerprints as well as his signature. A review of this file also indicated the following information:

   a. **COREAS FLORES**'s true and correct name is "Jose Udiel Coreas Flores";

b. He was born in El Salvador, is a citizen and national of El Salvador, and previously was removed/deported from the United States on or about August 29, 2008, through Chaparral, New Mexico;

c. He lacks any immigration benefit, document, or status that would allow him to enter, be admitted, pass through, or reside in the United States, and that he has neither sought nor obtained permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to reenter the United States following his removal in 2008.

9. On or about August 14, 2017, I sent four exhibits containing **COREAS FLORES**'s fingerprints to the FBI Special Processing Center for comparison. These exhibits consisted of: (a) the fingerprint taken on Immigration Service Form I-205, Warrant of Removal/Deportation, which documents **COREAS FLORES**'s removal on or about August 29, 2008; (b) Immigration Service Form I-294, Warning to Alien Removed or Deported, which indicates that **COREAS FLORES**'s fingerprints were taken on or about July 2, 2008; (c) a fingerprint card obtained on or about July 21, 2017, when **COREAS FLORES** was taken into ICE custody; and (d) a fingerprint card obtained by ICE officers in New York on or about May 16, 2008, after taking **COREAS FLORES** into custody.

10. On or about August 15, 2017, the FBI responded that the fingerprints on all four of the exhibits are an identical match to each other, to **COREAS FLORES**, and to the FBI Universal Control Number assigned to **COREAS FLORES**. The FBI also indicated that its conclusion is based on independent examinations by two different experts.

11. Documents contained in **COREAS FLORES**'s alien file revealed that, on or about June 5, 2008, he was convicted of Rape in the Third Degree, in violation of N.Y. Penal

Law § 130.25(1). For this conviction, **COREAS FLORES** was sentenced to 60 days of incarceration and required to register as a sex offender. Based on my training and experience, and research on this case, I have learned that this conviction meets the definition of a felony.

12. Based on the foregoing, I submit that there is probable cause to believe that on or about June 12, 2017, in Stafford, Virginia, within the Eastern District of Virginia, **COREAS FLORES**, having been removed from the United States on or about August 29, 2008, after being convicted of a felony, was found in the United States without having obtained the express consent of the Attorney General or the Secretary of the Homeland Security, to reapply for admission to the United States.

_____
Sean Dandridge
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to and subscribed before me
on this 11th day of September, 2017,
in Alexandria, Virginia.

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
The Honorable Michael S. Nachmanoff
United States Magistrate Judge

Reviewed by:

Michael J. Songer, Special Assistant U.S. Attorney

5